IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WILLIAM ALLEN LARUE,**

      **Plaintiff,**

v.                                                     **Case No. 2:16-cv-05853**

**JIM RUBENSTEIN, COLLEGIAL COMMITTEE,
SANDRA MAY, and MARVIN C. PLUMLEY**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Verified Amended Complaint (ECF No. 12), his Application to Proceed without Prepayment of Fees and Costs (ECF No. 1), and his Motion to Proceed In Forma Pauperis (ECF No. 2).[1]

## THE PLAINTIFF'S ALLEGATIONS

The plaintiff is a prisoner in the custody of the West Virginia Division of Corrections, who is presently incarcerated at the Huttonsville Correctional Center ("HCC"), which is located within the jurisdiction and venue of the United States District

---

[1] By separate Order, the undersigned has denied as moot the plaintiff's Motion for an Order Directing the Clerk to Issue a Summons (ECF No. 4), the plaintiff's Motion for Attorney Fees and Motion to Dismiss (ECF No. 6); the plaintiff's Amended Motion to Dismiss and Withdraw Motion for Attorney Fees and Motion to Dismiss (ECF No. 8); the plaintiff's Notice to Withdraw the motions contained in ECF Nos. 6 and 8 (ECF No. 10); and the plaintiff's Motion for Appointment of Counsel (ECF No. 19), in light of the recommended dismissal of this civil action under 28 U.S.C. § 1915(g).

Court for the Northern District of West Virginia. On June 29, 2016, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 3). Then, on October 6, 2016, prior to the filing of any responsive pleading, the plaintiff filed a Verified Amended Complaint (ECF No. 12), which is the operative document upon which this matter is proceeding.

The Verified Amended Complaint names the following defendants: Jim Rubenstein, the Commissioner of the West Virginia Division of Correction; the "Collegial Committee," which the plaintiff asserts is responsible for medical decisions concerning surgery and other treatment recommended by a prison doctor[2]; Sandra May, a Physician's Assistant at the Mount Olive Correctional Complex ("MOCC"); and Marvin C. Plumley, the Warden at HCC. The bulk of the allegations in the Verified Amended Complaint address the plaintiff's treatment (or alleged lack thereof) for a right inguinal hernia between 2002 and April 29, 2016, when the hernia was surgically repaired at Charleston Area Medical Center. During the majority of this time, the plaintiff was incarcerated at MOCC, which is located in Mount Olive, West Virginia, which is within the jurisdiction and venue of this federal court.

However, paragraphs 9 through 15 of the Verified Amended Complaint also allege that the plaintiff is "under imminent danger of serious physical injury," due to alleged threats against his life by inmates at HCC and certain other conditions of confinement at HCC, where he is presently incarcerated. As noted above, HCC is located within the jurisdiction of the United States District Court for the Northern District of West Virginia. Thus, this court is the incorrect venue and lacks jurisdiction over the plaintiff's claims

---

[2] The plaintiff indicates that he cannot presently name all of the members of the Collegial Committee; however, paragraph 48 of the Verified Amended Complaint states that Debbie Hissom, Teresa Gregory, Donna Warden and Jim Rubenstein are "some" of the members of the Collegial Committee. (ECF No. 12 at 9, ¶ 48).

2

related to his conditions of confinement at HCC, and over defendant Marvin C. Plumley, the Warden at HCC, including his assertion that he is under imminent danger of serious physical injury there.

## **ANALYSIS**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also, Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D. W. Va. June 30, 2008) (Johnston, J.).

The undersigned has determined that the plaintiff has previously filed at least three actions in federal court which have been dismissed as being frivolous or malicious or for

3

failure to state a claim upon which relief can be granted.[3] While the PLRA includes an exception to the section 1915(g) filing restriction if the prisoner is under imminent danger of serious physical injury, such imminent danger must be the basis of the claim that would proceed before this court. *See, e.g., Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (imminent danger exception not applicable to claims which are not grounded in the alleged imminent danger).[4] The jurisdiction of this court is limited to the plaintiff's allegations concerning his medical treatment (or alleged lack thereof) for his hernia while he was incarcerated at MOCC. The plaintiff has not and cannot assert that he is under imminent danger of serious physical injury with respect to his hernia treatment, which was surgically repaired prior to the filing of his initial Complaint in this civil action.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, while incarcerated, the plaintiff has filed at least three federal civil actions that have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief may be granted and, thus, he qualifies for application of the three strikes provision contained in 28 U.S.C. § 1915(g). Additionally, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Verified Amended Complaint fails to state any facts indicating that the plaintiff is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule with respect to the

---

[3] The plaintiff has filed 11 other lawsuits in this court alone. Among those, the following cases count as strikes under 28 U.S.C. § 1915(g): *LaRue v. Matheny*, Case No. 2:08-cv-00983 (Copenhaver, J.), which was dismissed with prejudice for failure to state a claim upon which relief can be granted on March 4, 2010; *LaRue v. Hustler Magazine, Inc.*, Case No. 2:08-cv-01214 (Faber, J.), which was dismissed with prejudice for failure to state a claim upon which relief can be granted on March 30, 2010; and *LaRue v. Rubenstein*, Case No. 2:09-cv-00395 (Copenhaver, J.), which was dismissed with prejudice for failure to state a claim upon which relief can be granted on December 31, 2009.

[4] In *Day*, the plaintiff asserted that his life was in danger in a Connecticut prison where he resided at the time he filed the Complaint. However, the Complaint addressed claims related to his prior incarceration in an Oklahoma correctional facility.

claims that would be actionable in this court.[5]  Therefore, dismissal of this civil action, without prejudice, is appropriate.

## RECOMMENDATION

Pursuant to the proposed findings made herein, and the provisions of 28 U.S.C. § 1915(g), it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1) and his Motion to Proceed In Forma Pauperis (ECF No. 2) and **DISMISS** this civil action without prejudice.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

---

[5] This court takes no position on whether the plaintiff would be able to satisfy the "imminent danger" exception concerning his conditions of confinement at HCC, if he were to file a new civil action in the United States District Court for the Northern District of West Virginia.

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiffs.

March 16, 2017

Dwane L. Tinsley
United States Magistrate Judge