# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

WILLIAM ALLEN LARUE,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:16-cv-05853

JIM RUBENSTEIN, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed without Prepayment of Fees and Costs, (ECF No. 1), and Motion to Proceed in Forma Pauperis. (ECF No. 2.) Plaintiff, a West Virginia inmate incarcerated at the Huttonsville Correctional Center ("HCC"), initiated this action by filing a Complaint on June 29, 2016. A verified Amended Complaint was filed on October 6, 2016, (ECF No. 12). As Plaintiff proceeds *pro se*, this action was referred to United States Magistrate Judge Dwane L. Tinsley for pretrial proceedings. On March 16, 2017, Magistrate Judge Tinsley entered his proposed findings and a recommendation for disposition ("PF&R") recommending that the Court deny Plaintiff's Application to Proceed without Prepayment of Fees and Costs and his Motion to Proceed in Forma Pauperis and dismiss this civil action without prejudice. Plaintiff filed three sets of timely objections on March 23 and March 27, 2017. (ECF Nos. 23, 24, 25.)

### I.     BACKGROUND

1

Plaintiff's claims primarily concern the allegedly inadequate treatment of Plaintiff's hernia between 2002 and 2016. For the majority of these years, Plaintiff was incarcerated at Mount Olive Correctional Complex ("MOCC"), a facility within the jurisdiction of this Court. Several other paragraphs of the Amended Complaint allege that Plaintiff is under imminent danger of serious physical injury at HCC. (ECF No. 12 at 4–5.) Magistrate Judge Tinsley finds that Plaintiff has previously filed at least three actions in federal court which were dismissed as being frivolous or malicious or for failure to state a claim—in other words, Plaintiff has "three strikes" under the Prison Litigation Reform Act ("PLRA"). To the extent Plaintiff attempts to avoid the PLRA's penalties by alleging that he is under imminent danger of serious physical injury, Magistrate Judge Tinsley finds that the PLRA exception applies only when the imminent danger forms the basis of the inmate's claims properly before the reviewing court. Because Plaintiff's claims here relate to inadequate medical treatment at MOCC, not danger looming at HCC, Magistrate Judge Tinsley recommends dismissal.

## II. STANDARD OF REVIEW

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct

the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff filed three sets of objections to the PF&R that can be boiled down to two main objections, related to whether he has demonstrated he is under imminent danger of serious physical injury such that he falls under an exception to PLRA's three strikes rule and whether this Court has jurisdiction over his claims against Defendants HCC and Marvin C. Plumley. (*See* ECF Nos. 23, 24, 25.) For the reasons explained below, the Court overrules Plaintiff's objections.

A. *Imminent Danger*

Plaintiff first objects to the PF&R's finding that because the imminent danger he alleges does not relate to the underlying claims over which this Court has jurisdiction he cannot claim relief under the PLRA's imminent danger exception. Plaintiff asserts this imminent danger exception applies whenever a plaintiff is presently under imminent danger of serious physical injury.[1] (*See* ECF No. 24 at 1.).

The PLRA imposes a sanction eliminating the right to proceed without payment of filing fees on prisoners who repeatedly file meritless claims. Specifically, the PLRA states the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The cases that Plaintiff sites involve inmates under imminent danger at facilities that are the subject of their underlying complaints. *See Smith v. Wang*, No. 09-7924, 2010 WL 997100, at *1 (4th Cir. Mar. 17, 2010); *Johnson v. Warner*, No. 05-7048, 2006 WL 2711957, at *1 (4th Cir. Sept. 22, 2006); *Martin v. Shelton*, 319 F.3d 1048, at *1 (4th Cir. Feb. 4, 2003).

28 U.S.C. § 1915(g). An exception to this three strikes provision is if the prisoner alleges that he or she is "under imminent danger of serious physical injury." *See id.* Otherwise, the PF&R correctly states that when the district court denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes rule, the proper procedure is for the court to dismiss the complaint without prejudice. *See Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 at * 2 (S.D. W. Va. June 30, 2008).

Here, as stated above, Plaintiff is a "three striker." (*See* ECF No. 21 at 4 n.3.). Thus, he cannot file another action without prepayment of fees unless he demonstrates that he is under imminent danger of physical injury. Several courts have found that the imminent danger exception only applies when the plaintiff is facing imminent danger relating to the claims of the underlying action. *See Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010);[2] *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999);[3] *Spencer v. Doe*, No. CIV-13-0692, 2014 WL 3778835, at *1 (W.D. Okla. July 31, 2014) (citing *Day*, 200 F.3d at 665).[4] Here, Plaintiff alleges that he is under imminent danger from inmates at HCC and not from his hernia treatment at MOCC, which is the basis of this action. Therefore, the PF&R is correct in finding that Plaintiff cannot demonstrate that he is under imminent danger for the purposes of obtaining relief in this Court under the imminent danger exception in 28 U.S.C. § 1915(g). Accordingly, Plaintiff's objection is overruled.

---

[2] In *Chavis*, the Second Circuit held that a plaintiff can claim relief under the imminent danger exception once he or she establishes a connection between his or her claim and the alleged imminent danger. *See* 618 F.3d at 171.

[3] In *Day*, the Tenth Circuit found that the plaintiff could not obtain relief under the imminent danger exception by alleging his life was in danger at a Connecticut prison where he resided at the time he filed the complaint when the underlying claims involved his prior incarceration at an Oklahoma prison. *See* 200 F.3d at 667.

[4] In *Spencer*, the court stated,"[P]laintiff does not assert he is at risk of serious injury if the claim or claims in his complaint are not addressed. Rather, he bases his allegations of imminent danger on his alleged treatment while incarcerated at USP Beaumont, which is insufficient for purposes of § 1915(g)." *See* 2014 WL 3778835 at *1.

B. *Lack of Jurisdiction*

Plaintiff second objects to the PF&R's finding that this Court lacks jurisdiction over Plaintiff's claims against Defendants HCC and Plumley. (*See* ECF No. 24 at 1–2.). Plaintiff relies on West Virginia Code § 14-2-2, which states that civil actions against state officials must be filed in the Circuit Court of Kanawha County, to assert that this Court has jurisdiction over his claims against these Defendants.

The United States Supreme Court has held for decades that federal courts are to apply federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Accordingly, this Court must follow the federal statutes that govern where a case may be filed. Therefore, insofar as Plaintiff relies on West Virginia Code § 14-2-2[5] to argue that this Court has jurisdiction over Defendants HCC and Plumley, the PF&R is correct in finding that this Court lacks jurisdiction over those claims.[6] Plaintiff's objection is overruled.

C. *Filing Fee*

Lastly, insofar as Plaintiff asserts that if his objections are denied he will have to pay the filing fee, the Court does not require or order him to pay the filing fee as the Court is dismissing this action.

IV. CONCLUSION

For the reasons above, the Court **OVERRULES** Plaintiff's objections, (ECF Nos. 23, 24, 25), and **ADOPTS** the PF&R, (ECF No. 21). Further, Plaintiff's Amended Complaint is

---

[5] Plaintiff also relies on *Chance v. Hill*, 224 W.Va. 626 (2009) decided by the Supreme Court of Appeals of West Virginia to support his objection. That case interprets West Virginia Code § 14-2-2 as it applied to a case brought in West Virginia state court. Therefore, his reliance on that case is similarly misplaced and inapposite.
[6] In the PF&R, Magistrate Judge Tinsley welcomed Plaintiff to file his action against HCC and Plumley in the Northern District of West Virginia.

**DISMISSED WITHOUT PREJUDICE** and the Clerk is **DIRECTED** to remove this action from the Court's docket.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      November 1, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE